UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THERESA MORGAN ) <br>     Plaintiff ) <br> ) <br> v. ) <br> ) <br> IMPORT MOTORS OF OLD SAYBROOK, LLC ) <br> and JENNIFER B. PARK ) <br>     Defendants ) <br> ) | CIVIL ACTION NO. <br><br> TRIAL BY JURY DEMANDED <br><br><br><br> MARCH 20, 2023 |

## COMPLAINT

### I. INTRODUCTION

This is a suit brought by a consumer against an individual and a car dealership for violations of the Federal Odometer Act (the "Odometer Act"), 15 U.S.C. § 32701 *et seq.* Plaintiff also claims against the car dealership for breach of express warranty, breach of the implied warranty of merchantability under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301 *et seq.*, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110 *et seq.*

### II. PARTIES

1. Plaintiff, Theresa Morgan ("Morgan"), is a consumer residing in Norwich, Connecticut.

2. Defendant, Import Motors of Old Saybrook, LLC ("Import Motors"), is a Connecticut limited liability company that does business as Kia of Old Saybrook, an automobile dealership located in Old Saybrook, Connecticut.

3. Defendant, Jennifer B. Park ("Park"), is a natural person residing in Uncasville, Connecticut, who previously owned the motor vehicle purchased by Morgan.

### III. JURISDICTION

4. Jurisdiction in this court is proper pursuant to 49 U.S.C. § 32710(b) and 15 U.S.C. § 2310(d)(1)(B). Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. This court has jurisdiction over Import Motors because it is organized under the laws of this state and conducts business in Connecticut.

6. This court has jurisdiction over Park because she is located in Connecticut and has acted in this state.

7. Venue in this court is proper because the claims involve a transaction that occurred in Connecticut.

### IV. FACTUAL ALLEGATIONS

8. Park was the owner of record of a 2015 Nissan Versa Note (the "Versa") from at least November of 2014 until December of 2022.

9. Park brought the Versa to Girard Nissan on or about July 17, 2016 for routine maintenance servicing and the recorded odometer reading at that time was 39,138 miles.

10. At some point after that servicing, Park or someone servicing the Versa at her direction caused the odometer reading to be altered so that the displayed mileage would be less than the actual mileage.

11. Approximately three and a half years later, in December 2019, the Versa underwent an emissions inspection at a Connecticut Inspection Station in Norwich, CT, and the recorded odometer reading at that time was 25,792.

12. Park sold or transferred the Versa to Import Motors in December 2022.

13. Park disclosed that the Versa's odometer reading at that time was 41,192 miles, and she provided an odometer disclosure stating: "to the best of [her] knowledge that the odometer reading specified here reflects the **ACTUAL MILEAGE** of the vehicle described herein".

14. This was a false disclosure, because Park knew that the odometer reading had been altered and was not the Versa's true mileage.

15. At all relevant times, Import Motors had a relationship with Carfax, Inc. ("Carfax"), a company that collects vehicle data from various sources and provides reports to individuals and businesses.

16. One of Carfax's products is its CARFAX Vehicle History Report (the "Carfax Report").

17. The Carfax Report is recognized within the automotive industry and the public as a source for motor vehicle information.

18. Vehicles with negative information such as odometer discrepancies on their Carfax Reports have a lower value than comparable vehicles that do not have such information.

19. Due to its relationship with Carfax, Import Motors has access to the Carfax Reports for vehicles in its inventory, and it makes the reports for vehicles in its inventory available on its website.

20. Additionally, Carfax lists Import Motors on its website as a dealership that provides Carfax reports to potential customers.

21. The Carfax Report for the Versa reported a potential odometer rollback for the Versa due to the history described above.

22. On information and belief, Import Motors knew from the Carfax Report that the Versa's odometer reading was not accurate.

23. Alternatively, Import Motors recklessly disregarded the contents of the Carfax Report and was willfully ignorant as to whether the Versa's odometer reading was accurate.

24. Morgan purchased the Versa from Import Motors on or about December 30, 2022.

25. As part of the transaction, Import Motors provided Morgan with an "Odometer Disclosure Statement" in which it stated:

> I, IMPORT MOTORS OF OLD SAYBROOK, LLC, state that the odometer now reads 41580 (no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.

26. Import Motors failed to check the box on the Odometer Disclosure Statement which stated, "I hereby certify that the odometer reading is **NOT** the actual mileage. **WARNING – ODOMETER DISCREPANCY."**

27. Morgan was not aware that the Versa's odometer reading was not accurate at the time of purchase.

28. Vehicles with altered odometers have a value that are substantially less than comparable vehicles whose odometers accurately reflect the vehicle's mileage.

29. Additionally, vehicles with fewer miles have greater values than comparable vehicles with higher mileage.

### V. CAUSES OF ACTION

#### A. FEDERAL ODOMETER ACT (PARK)

30. Park disconnected, reset, altered, or altered the Versa's odometer or she had someone else do so in violation of 49 U.S.C. § 32703(2).

31. Park made a false statement to Import Motors regarding the Versa's odometer reading in violation of 49 U.S.C. § 32705(a)(2).

32. Because Park was assigning the Versa to a car dealership, she knew that other future buyers of the Versa such as Morgan would rely upon her false statement.

33. Park's violations of the Odometer Act were made with an intent to defraud.

34. Park is liable to Morgan for the greater of $10,000 or triple her damages plus attorney's fees and costs pursuant to 49 U.S.C. § 32710(a).

#### B. FEDERAL ODOMETER ACT (IMPORT MOTORS)

35. Import Motors made a false statement to Morgan regarding the Versa's odometer reading in violation of 49 U.S.C. § 32705(a)(2).

36. Import Motors' violation of the Odometer Act was made with an intent to defraud.

37. Import Motors is liable to Morgan for the greater of $10,000 or triple her damages plus attorney's fees and costs pursuant to 49 U.S.C. § 32710(a).

### C. BREACH OF EXPRESS WARRANTY (IMPORT MOTORS)

38. Import Motors made affirmations of fact relating to the Versa that became part of the basis of the bargain and created express warranties pursuant to Conn. Gen. Stat. § 42a-2-313. Specifically, Import Motors stated to Morgan that the Versa's odometer reading was accurate and that the Versa's actual mileage was 41,580 miles.

39. Import Motors breached its express warranty because the Versa's odometer reading was not accurate and the actual mileage was not 41,580 miles.

40. Import Motors' breaches of the express warranties were tortious in nature, were in bad faith, were wanton, malicious, and outrageous, and were undertaken with bad motive and with a reckless indifference to Morgan's interest and the harm that she sustained, entitling her to claim common law punitive damages.

41. Morgan is also entitled to damages.

### D. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (IMPORT MOTORS)

42. The Versa is a consumer product as that term is defined in § 2301(1) of the MMWA, 15 U.S.C. §§ 2301-2312.

43. A warranty that the Versa was in merchantable condition at the time of sale was implied by operation of Conn. Gen. Stat. § 42a-2-314.

44. The Versa was not in merchantable condition at the time of sale because the Versa would not pass in trade without objection absent disclosure of the odometer discrepancy.

45. Import Motors' breach of the implied warranty of merchantability was tortious in nature, in bad faith, was wanton and malicious, outrageous, and was undertaken with bad motive and with a reckless indifference to the Plaintiff's interests and the injury that she sustained, entitling her to claim common law punitive damages, which are expected to exceed $50,000.

46. Plaintiff is also entitled to damages and costs, including a reasonable attorney's fee, under MMWA.

### E. CONNECTICUT UNFAIR TRADE PRACTICES ACT (IMPORT MOTORS)

47. Import Motors engaged in unfair and deceptive acts and practices in violation of CUTPA by its violation of the Odometer Act, a *per se* violation of CUTPA under Conn. Agency Reg. § 42-110b-28(b)(23).

48. Import Motors further violated CUTPA because its false odometer disclosure was a false statement regarding the history or condition of the Versa, a violation of Conn. Gen. Stat. § 42-225 and, consequently, a *per se* violation of CUTPA under Conn. Agency Reg. § 42-110b-28(b)(23).

49. Import Motors further violated CUTPA because it acted unfairly, deceptively, or both.

50. Morgan has suffered ascertainable losses of money or property in that the Versa's value was substantially lower than it would have been if it did not have an altered odometer and if it had not been driven in excess of the stated odometer reading.

51. Plaintiff is entitled to actual damages, attorney's fees and costs, and punitive damages.

Wherefore, Plaintiff claims treble damages or $10,000, whichever is greater, attorney's fees, and costs from each defendant for their violations of the Odometer Act, and she seeks damages, common law punitive damages, statutory punitive damages, attorney's fees, and costs from Import Motors.

          PLAINTIFF, THERESA MORGAN

          By: */s/ Daniel S. Blinn*
              Daniel S. Blinn (ct02188)
              Consumer Law Group, LLC
              35 Cold Spring Rd. Suite 512
              Rocky Hill, CT  06067
              Tel. (860) 571-0408
              Fax. (860) 571-7457
              dblinn@consumerlawgroup.com